J-S11020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARSHA CHISLO | |
| Appellant | No. 856 MDA 2014 |

Appeal from the Judgment of Sentence April 2, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-SA-0000051-2014

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED APRIL 24, 2015**

Marsha Chislo appeals from the judgment of sentence entered on April 2, 2014, in the Court of Common Pleas of Luzerne County following her conviction of two counts of harassment as a summary offense.[1]  She was sentenced to pay an aggregate fine of $600.00.  In this timely appeal, Chislo lists six claims in her statement of questions presented for review.  However, in her brief, she argues only four issues. [2]  After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

_____

[1] 18 Pa.C.S. § 2709(a)(3).

[2] In this regard, we remind counsel of the Rules of Appellate Procedure that require the argument section of the brief to be divided in as many parts as there are questions to be argued.  *See* Pa.R.A.P. 2119(a).  Also, no question will be considered unless it is stated in the statement of questions involved or fairly suggested thereby.  *See* Pa.R.A.P. 2116. We will match Chislo's arguments to the statement of questions as best as we are able.  However,

*(Footnote Continued Next Page)*

Chislo's initial six issues are:

1) Whether there was sufficient evidence to establish intent to harass when the Court found, as a fact, that [Chislo] was doing what she deemed proper to protect her property?

2) Whether the evidence supported, beyond a reasonable doubt, any threat by [Chislo] to burn any structures (barn, camper or garage), when the Commonwealth's evidence established the threats were allegedly made solely by [Chislo's] husband and not by [Chislo]?

3) Whether the lower court's basing its [credibility] determination on the result of pending litigation between [Chislo] and the Dunns was an abuse of discretion?

4) Whether the lower court made an error in equating "legitimate purpose" as being determined by the winner or loser of the collateral litigation between [Chislo] and the Dunns?

5) Whether the lower court Judge should have recused herself and revealed that she knew a "Mr. Terry Best", who was a member of her election committee, and who also was the zoning officer involved in collateral zoning litigation adverse to [Chislo]?

6) Whether the court's reference regarding the prior and pending litigation between [Chislo], her husband and the Dunns, as creating "huge [credibility] issue" was based upon a hasty, incomplete review of the dockets since the outcome, i.e. winner or loser, is not relevant to the existence of a legitimate purpose?

Appellant's Brief at 1-2.

The factual history of this matter is well known to the parties, so we rely upon the trial court's recitation of the facts as set forth on pages 2-6 of the Pa.R.A.P. 1925(a) opinion.

_(Footnote Continued)_ _____

any argument we cannot so align will be considered waived. Such advocacy is frowned upon as it makes an effective review more difficult.

The first claim substantively addressed in Chislo's brief asserts there was insufficient evidence to support the conviction; that the Commonwealth failed to prove she possessed the requisite intent to harass, annoy or alarm; and that the trial court specifically found she acted in furtherance of a legitimate purpose. Her third argument, as presented in her brief, asserts there was insufficient evidence to support her convictions in that the Commonwealth's testimony was vague in identifying dates of the alleged harassment as well as in detailing specific acts. We believe these two argued sections align with questions 1 and 2.

Initially, we note that, in relevant part, the crime of harassment is defined as follows:

> **(a) Offense defined.--**A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:
>
> > (3) engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose.

18 Pa.C.S. § 2709(a)(3). "An intent to harass may be inferred from the totality of the circumstances." **Commonwealth v. Lutes**, 793 A.2d 949, 961 (Pa. Super. 2002).

Further, our scope and standard of review for challenges to the sufficiency of the evidence is as follows,

> "Whether sufficient evidence exists to support the verdict is a question of law; our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Murray**, 83 A.3d 137, 151 (Pa. 2013). We review the evidence in the light most favorable to the verdict winner to determine whether there is

- 3 -

sufficient evidence to allow the jury to find every element of a crime beyond a reasonable doubt. ***Commonwealth v. Cahill***, 95 A.3d 298, 300 (Pa. Super. 2014).

> In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Id.* (citation omitted).

***Commonwealth v. Tejada***, 107 A.3d 788, 792-93 (Pa. Super. 2015).

To the extent that these two arguments present a general challenge to the sufficiency of the evidence, we discern no abuse of discretion or error of law on the part of the trial court. The trial court determined:

> The testimony presented at the summary appeal clearly established that there were multiple actions, comments and gestures by Marsha Chislo done with the intent to harass, annoy, or alarm Anna and Jeffrey Dunn. These actions, based upon the credible testimony of record, serve no legitimate purpose. As noted in 18 Pa.C.S.A. § 2709(f), the course of conduct is a pattern of actions composed of one or more actions, however short, evidencing a continuity of conduct. The trial court found credible the testimony of record which indicated ongoing daily actions that were noted by Mr. and Mrs. Dunn through notes and photographs as to the daily interaction with Marsha Chislo.

These ongoing actions evidenced a continuity of conduct and served no legitimate purpose. These actions include the incident in which Mrs. Dunn was blocked from getting her mail; constant gestures made by Mrs. Chislo in a thumbs down motion; the confrontation when Mrs. Chislo yelled obscenities at Mrs. Dunn including language that she performed sexual acts to members of the Council and calling her white trailer trash; constant interaction and confrontation each time the property line of Marsha Chislo was approached by any member of the Dunn family; with such actions included yelling, making sounds, screaming, threats to burn down the camper and threats to burn down the garage. The trial court found the testimony of record as provided by three (3) eyewitnesses to the actions credible.

Trial Court Opinion, 9/5/2014, at 9-10.

We have read the notes of testimony from the summary trial and have reviewed the complaints filed by the Dunns, including the multi-page list detailing various activities described above over the course of time. Based on our review, there is ample evidence to support the convictions.

Chislo has also specifically challenged certain aspects of the evidence, which we will now address. She argues that the evidence showed that it was her husband, Joe Lakowski, who made threats against the Dunns' garage/barn[3] and camper, not her. Testimony belies this claim. *See* N.T. Trial, 4/2/2014, at 43-46. Jeffrey Dunn testified that Marsha Chislo threatened to burn both the garage and their camper. Therefore, this aspect of Chislo's claim must fail.

_____

[3] Our review of the notes of testimony leads us to believe that what was referred to as the barn and garage are the same structure.

Next, she claims the evidence was merely "vague general testimony …

that did not have any specific dates or specific activities that would amount

to harassment." Appellant's Brief at 11. The evidence refutes this allegation.

There were two private criminal complaints filed in this matter. In the first,

Anna Dunn was the complainant and she alleged Chislo had taken actions

from 2008 to 2011, including acts of petty vandalism, verbal confrontations,

threatening gestures all undertaken with the intent to harass her. While

Chislo is correct that Anna Dunn did not correlate specific acts to specific

dates,[4] she testified to acts that correlate to acts included in the first

complaint and which took place over the course of years. The trial court

notes sufficient actions taken by Chislo or attributable to Chislo by fair

inference to support the conviction regarding the first complaint.

Both Jeffrey and Anna Dunn are the complainants on the second

complaint, dated May, 2013. This complaint alleges two actions. First,

Chislo made threatening comments about another garage fire. As noted

previously, the Dunns' garage had burned, just after a court hearing at

which Lakowski had warned something would happen to it. Second, the

_____

[4] It is important to note that Chislo is not arguing she was unable to defend herself based upon the vague nature of the timing of her actions. Our review of the certified record demonstrates the specific dates of any of the allegations were immaterial to her defense, which consisted partly of the claim her actions had a legitimate purpose and partly of the claim that the Dunns had mischaracterized her actions.

complaint alleges that on May 8, 2013, Chislo was alleged to have threatened to burn the Dunns' camper. In support of this claim, Jeffery Dunn testified that Chislo threatened to burn the camper. While he could not provide a specific date for the threat, he believed the threat was made in May 2013.

Finally, Chislo argues that the trial court determined she had a legitimate purpose in whatever actions she undertook. This aspect of the sufficiency claim is based upon Chislo's assertion that any actions she took were in furtherance of resolving her zoning dispute with the Dunns. To support this claim, she has quoted the trial court from both the Pa.R.A.P. 1925(a) Opinion and from the decision rendered from the bench. ***See*** Appellant's Brief at 9. In both of the quotes, the trial judge stated she accepted Chislo had acted in what Chislo believed was in furtherance of resolving her zoning dispute. While the trial judge accepted Chislo's subjective belief, the court's remarks do not equate to a determination that her subjective belief was a reasonable belief, or that Chislo acted without the requisite intent. Indeed, in the Pa.R.A.P. 1925(a) Opinion, the trial court stated:

> Even if [Chislo] was doing what she deemed proper to protect her property, it does not mean that there was insufficient evidence presented to establish intent to harass. What [Chislo] deems proper and what is proper is a matter for this Court's decision.

Trial Court Opinion, 9/5/2014, at 8-9.

Accordingly, contrary to Chislo's assertions, the trial court did not agree that threatening to burn down the Dunns' garage and camper, acts of petty vandalism and repeated confrontations with threatening gestures constitutes actions legitimately taken in furtherance of the resolution of the zoning dispute.

The trial court found the evidence presented to be both credible and sufficiently detailed to support the convictions. We find no error in that determination.

Chislo's questions 3, 4, and 6 all address various aspects of the collateral litigation involving the parties. These arguments fit loosely under the claim raised in the argument section of the brief entitled:

> The Court made an error in asserting the winner or loser in collateral litigation involving [Chislo] would determine whether [Chislo] was credible in the criminal matter.

Appellant's Brief at 10.[5]

These arguments are not well developed, but we interpret this section as a claim that the trial judge improperly based her credibility determinations and conclusions about whether Chislo's actions served a

---

[5] Chislo appears to regard this as the trial court's failure to properly suppress evidence. No motion to suppress was filed. We will address this as simply an evidentiary ruling at trial. "Our standard of review relative to the admission of evidence is for an abuse of discretion." **Commonwealth v. Wantz**, 84 A.3d 324, 336 (Pa. Super. 2014) (citation omitted).

legitimate purpose on who prevailed in the collateral litigation. We believe this argument is based upon an improper recitation of the evidence.

During the trial, reference was made to the zoning violation charges filed against the Dunns. Both parties asserted victory in that collateral action.[6] Because the parties had raised the issue, the trial court sought clarification of the resolution, stating, "I'm going to pull the Superior Court docket and whoever is not being truthful with me is going to have some issues now." N.T. Trial, 4/2/2014, at 26. The trial court was not conditioning the outcome in the instant matter upon victory in the collateral matter. The trial court was attempting to determine who was being untruthful. The fact that the trial court did not improperly base its decision in this matter on the outcome of a collateral matter is demonstrated by these comments of the trial court:

> It's abundantly clear to me from the civil filings which are all very new, quite frankly, the ones that I looked at, that the Dunns are suing Pittston Township and Mericle and Ms. Chislo in an action that was just filed in February; that in February Ms. Chislo is filing an action against Pittston Township, Terry Best, Jeffrey Dunn, and that has to do with the pole barn being put up on the property. This has to do with damage to the property that the Dunns are claiming came from Mericle and/or in conjunction with Ms. Chislo. So there's lots of issues up on the property that people are spending obviously large amounts of money litigating at this time as to the use of the land.

---

[6] Chislo's counsel, who was not involved in the collateral action, had inadvertently asserted the zoning matter had been a civil matter appealed to the Superior Court. In fact, such zoning matters are considered criminal matters, and are appealed to the Commonwealth Court.

I do not have anything – there's nothing definitive – no one has won anything in civil court. So I'm going to start by saying that for the majority of this. There are other lawsuits with regard to Ms. Chislo that I didn't pull involving people that I don't know, but these are the two that are directly related; they're new. There's nothing won or old. So that representation is absolutely inaccurate.

Secondly, I don't have anything from Commonwealth Court as of this point either. And with regard to the Superior Court, they were still looking and could not find anything. So again, I don't know what the status of that is, but I will allow questions because this is a criminal proceeding at this point. And we will continue now with the case and with the criminal proceeding that's in front of us.

N.T. Trial, 4/2/2014, at 31-33.

The trial judge noted that resolution of the zoning violation matter could not be immediately determined. Accordingly, not only is there nothing in the trial court's statement to indicate it would base the outcome of the instant matter on the outcome of the collateral matter, it would have been impossible for the trial court to do so because the outcome was not independently verified. Chislo is not entitled to relief on these claims.

Finally, Chislo argues the trial judge should have recused herself because she "knew the local zoning officer who was involved in the zoning litigation adverse to [Chislo]. The zoning officer was a member of the judicial election committee of the trial judge." Appellant's Brief at 13.[7]

_____

[7] This is Issue 5 as listed in Chislo's questions presented for review.

Specifically, Chislo claims that Terry Best, allegedly a zoning officer, who is a defendant in a collateral action filed by Chislo, was also a member of the trial judge's election committee. However, Chislo has provided no supporting evidence to support any aspect of this aallegation. A bald allegation made in a brief does not constitute proof. *See Commonwealth v. Preston*, 904 A.2d 1, 6-7 (Pa. Super. 2006) (Appellate court may only consider evidence that is part of the certified record). In addition to the failure to provide supporting evidence to claim, Chislo has also failed to develop the argument with either citation to the certified record or to any law that might support her claim.

Further, the record reveals that after Terry Best's name was mentioned as a defendant in one of Chislo's collateral lawsuits, Judge Polachek Gartley told the parties that she knew Mr. Best. *See* N.T. Trial 4/2/2014, at 85. However, no one objected to Judge Polachek Gartley's continuing participation in the trial. Further, no one sought any clarification regarding Judge Polachek Gartley's relationship with Best. Because Chislo failed to object at trial, the issue has been waived. *See Reilly by Reilly v. Southeastern Pennsylvania Transp. Authority*, 479 A.2d 973 (Pa. Super. 1984). Moreover, at page 11 of her Pa.R.A.P. 1925(a) Opinion, Judge Polachek Gartley specifically stated, "The presentation of the pending suit involving Terry Best did not in any way effect the Trial Court's ruling on

the charges filed against [Chislo] by Mr. and Mrs. Dunn."[8]  Accordingly, Chislo is not entitled to relief on this issue.

Based upon the foregoing review, we find no errors of law or abuse of discretion on the part of the trial court.

Judgment of sentence is affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/24/2015

---

[8] We also note that it appears that Mr. Best was named in his official capacity as a zoning officer, not personally.